Submitted April 5, remanded for resentencing; otherwise affirmed June 12, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEBBIE JEAN McDONALD,
*Defendant-Appellant.*

Curry County Circuit Court
11CR0923; A151156

306 P3d 660

■■■■■■■■■■■

Peter Gartlan, Chief Defender, and Elizabeth G. Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

■■■■■■■■■■■■■■■■

## PER CURIAM

Defendant was convicted of negotiating a bad check. ORS 165.065. As part of the sentence, the trial court imposed restitution in the amount of $2,236.37. On appeal, defendant asserts that the court erred in imposing restitution in the absence of a causal relationship between her criminal conduct and the victim's economic loss. The state concedes that "the trial court erred when it ordered defendant to pay restitution for damages not caused by defendant's offense of negotiating a bad check." We agree and accept the state's concession. *See State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981) (for imposition of restitution to be proper, a defendant's criminal activity must be the cause of pecuniary damage). Accordingly, the case must be remanded for resentencing.

Remanded for resentencing; otherwise affirmed.